## LAWRENCE HÄHR v. PATRICK MUSGROVE.

1. PRACTICE. *Motion for affirmance for failure to file record.* Where the failure of an appellant to file a record in the Supreme Court in time, is caused by the direction and agreement of the attorney for the appellee, the appellee will not be permitted to obtain an affirmance of the judgment on motion for such cause.

2. REFEREES. *Jurisdiction.* The court of Referees has not jurisdiction of such a motion.

### FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson county. FRANK T. REID, J.

M. T. BRYAN for Hahr.

J. S. WATTS for Musgrove.

COOKE, Sp. J., delivered the opinion of the court.

On the 16th day of January, 1882, the defendant in error recovered a judgment against the plaintiff in error, in the circuit court of Davidson county, from

19—VOL. 12.

which judgment the plaintiff in error prayed an appeal to this court, which was granted, he having given bond with securities for the prosecution of the same, as required by law, No transcript of the record having been sent up, on the 23d day of July, 1883, the defendant in error filed, in the office of the clerk of this court, a transcript of the record in said cause, and having given notice to the plaintiff in error, entered a motion before the commission of Referees, which was then in session, for an affirmance of the judgment of the circuit court. Said Referees have taken said motion under consideration, and a majority of them have filed a report upon the same, which, however, we are bound to regard as a nullity, as said commission is not a tribunal before whom said motion could be entered, and had no authority to entertain it. However, a motion has now been entered by the defendant in error, in this court to have said judgment affirmed. The bill of exceptions purports to contain an itemized account or bill of particulars upon which the suit is predicated, but which is not contained in the transcript, and the clerk of the circuit court testifies that it is not on file in his office. In resistance of the motion for affirmance of the judgment, it is shown by the affidavit of the clerk of the circuit court, that the transcript was not sent up, for the reason that he was directed by Mr. Gamble, the attorney of record of the defendant in error, not to make out the transcript in this case until the itemized account sued on was filed, stating that it was agreed between him and the attorney of the plaintiff

Hahr *v.* Musgrove.

in error that the judgment should not become opera-
tive until said account was filed, which has never been
done.  The affidavit of the clerk is sustained by the
affidavits of the then counsel of both parties.  The
affidavits also tend to show that his account was in
the possession of the defendant in error who refused
to file it.  There are also affidavits presented tending
to show that pending the litigation in the circuit court
the defendant in error had transferred his interest in
the suit to another party, and that since the judgment
was rendered the same has been compromised and
settled.  However this may be, it sufficiently appears
that the failure to file the record was caused by the
direction and agreement of the attorney of the de-
fendant in error, and he cannot now be permitted in
violation of said agreement to obtain an affirmance of
the judgment in this summary way, as he by his own
act has caused the neglect of which he now seeks to
take advantage.  The motion will be denied, and the
cause remanded to the docket for hearing in its regu-
lar order, or such other action as may be proper in
relation thereto.